**SIGNED THIS: May 05, 2005**

_____
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| PETERSBURG PLUMBING & | ) | |
| HEATING CO., INC., | ) | Case No. 05-70121 |
| | ) | |
| Debtor. | ) | |

# O P I N I O N

The issue before the Court is whether the Court should modify the automatic stay to permit the state court to conduct a jury trial and enter final judgment on a suit brought by a sub-contractor against the Debtor.

On October 26, 1998, the Debtor, Petersburg Plumbing and Heating Company, entered into a contract with the Illinois Capital Development Board regarding the construction of the Department of Natural Resources Building at the Illinois State Fairgrounds. On November 11, 1998, the Debtor entered into a subcontract with The

-1-

Concrete Doctor, Inc., wherein The Concrete Doctor agreed to perform the grouting work on the project. (The "grouting work" involved the injection of liquid cement into the underground mines at the Fairgrounds in order to provide a stable foundation for the building.) The Debtor asserts that The Concrete Doctor was to perform "all" of the grouting work; The Concrete Doctor asserts that the Debtor performed some of the work, prepared and maintained the site, and supervised and managed the project.

During the course of the project, The Concrete Doctor performed extra work. The Concrete Doctor asserts that this extra work was authorized by the State's project engineer; the Debtor and (according to the Debtor) the State deny this allegation.

The subcontract called for a total payment of $1,595,183. The Concrete Doctor was paid approximately $1,400,000 for its work on the project. The Concrete Doctor made a claim against the Debtor for $1,651,615 in additional money over and above the amount already paid.

The Concrete Doctor filed suit against the Debtor in the Circuit Court of Sangamon County (Case No. 00-L-163). The state court proceeding was set for trial on January 18, 2005, but the trial was stayed when the Debtor filed its Chapter 11 petition on January 12, 2005.

The Concrete Doctor seeks a modification of the automatic stay to permit the Circuit Court to conduct a jury trial and enter final judgment on the verdict. The Concrete Doctor does not seek to enforce the judgment.

-2-

The Debtor objects to the modification of the automatic stay. The Debtor states that it has filed a claim in the Illinois Court of Claims against the Illinois Capital Development Board based on the claim of The Concrete Doctor against the Debtor. The Debtor asserts that the Court of Claims case is currently pending, but The Concrete Doctor states that the Debtor has requested that the Court of Claims put the case on inactive status. The Debtor alleges that the Capital Development Board refuses to participate in the Circuit Court proceeding with The Concrete Doctor, and The Concrete Doctor refuses to participate in the Court of Claims proceeding with the Capital Development Board. The Debtor believes that the issues between the Debtor, The Concrete Doctor, and the Capital Development Board should be resolved in one proceeding by the Bankruptcy Court.

This is exactly the type of case which the Court generally will allow the state court to resolve. There is a pending state court case involving state law issues which will receive prompt resolution in the state court and the estate is protected because the creditor will seek enforcement of any judgment through the Bankruptcy Court. *See* Broadhurst v. Steamtronics Corp., 48 B.R. 801 (D. Conn. 1985). The state court is well-equipped to deal with the contract issues involved in this case. The state court is also familiar with the facts in this case after hearing the motion for summary judgment and conducting a lengthy and detailed pretrial conference in which several motions *in limine* were ruled upon. Prompt resolution in the state court is promised by the fact that

-3-

this bankruptcy petition was filed on the eve of trial.

The Debtor's plan to bring the State and The Concrete Doctor before the Bankruptcy Court in one unified action is fatally flawed. "[U]nless a State consents to suit, a bankruptcy court may not exercise jurisdiction over the State without running afoul of the Eleventh Amendment." Nelson v. La Crosse County Dist. Atty., 301 F.3d 820, 837 (7th Cir. 2002). There is no indication that the State would consent to the jurisdiction of the Bankruptcy Court in this matter.

The Debtor suggests that the Bankruptcy Court's determination of issues may bind the State. It is true that a State may have its rights affected by a bankruptcy proceeding even if the state chooses not to participate in the bankruptcy proceeding. Id. *at* p. 837. For example, the order of discharge will discharge debts owing to the sate and a state which chooses not to file a claim will not participate in the distribution of the estate's assets. In re Collins, 173 F.3d 924, 929 (4th Cir. 1999). However, the law is clear that the Bankruptcy Court may not issue a monetary judgment against a non-consenting State. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1966); Hoffman v. Connecticut Dept. of Income Maintenance, 492 U.S. 96 (1989); Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004). Because the Debtor is seeking recompense from the Capital Development Board, the Bankruptcy Court cannot compel the Capital Development Board to participate in the bankruptcy proceeding. Moreover, any determination of the Debtor's liability to The Concrete Doctor

would not be binding upon any recovery that the Debtor may have against The Capital Development Board in the Court of Claims

For the foregoing reasons, The Concrete Doctor's Motion for Relief from Automatic Stay is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

# # #